# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| LANDSTAR RANGER, INC., 13410 Sutton Park Drive, South Jacksonville, FL 32245, | ) ) ) ) | CASE NO. 2:22-cv-02008 **COMPLAINT** |
| Plaintiff, | ) ) | **(JURY DEMAND ENDORSED HEREON)** |
| vs. | ) ) | |
| THE CITY OF DELAWARE, OHIO, South Sandusky Street Delaware, OH 43015, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Landstar Ranger, Inc. ("Landstar"), for its Complaint against the City of Delaware ("Delaware"), states as follows:

## PARTIES, JURISDICTION, & VENUE

1. Landstar is a Delaware corporation with a principal place of business in Jacksonville, Florida, and is, therefore, a citizen of the State of Delaware and the State of Florida. Landstar is a transportation services company specializing in, among other things, transporting its customers' freight and arranging for the transportation of its customers' freight through its North American network of motor carriers.

2. Delaware is a political subdivision, as that term is defined in R.C. § 125.04(d), in Delaware County, Ohio and is, therefore, a citizen of the State of Ohio.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action where the amount in controversy exceeds the sum of Seventy-Five

Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4. This Court has jurisdiction over Delaware because Delaware is a resident of this state.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because this is a judicial district in which Delaware resides and in which a substantial part of the events or omissions giving rise to claim set forth below occurred.

## FACTS COMMON TO ALL COUNTS

6. On or around March 9, 2021, a tractor-trailer operated by a Landstar driver (the "Driver") departed from Norton, Ohio en route to Phoenix, Arizona, transporting an industrial cooling unit (the "Cargo") on behalf of its customer.

7. The Driver's route passed through the City of Delaware via State Route 37 West and US Route 36 West, during which the Driver was required to pass under a railroad bridge (the "Bridge").

8. The clearance height of the Bridge was Fourteen (14) feet One (1) inch.

9. The combined height of the Driver's trailer and Cargo was Fourteen (14) feet (6) inches.

10. Delaware negligently failed to adequately warn the Driver of the Bridge's low clearance by erecting a low clearance traffic control device as required by law.

11. The Driver struck the Bridge, damaging the Cargo and rendering it a total loss.

12. As a direct and proximate result of Delaware's negligence, Landstar has been damaged in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty-Nine Cents ($277,384.30).

15577547 v3

## COUNT I
### (Negligence -- Common law and R.C. § 2744.02(B)(3))

13. Landstar incorporates by reference each of the foregoing paragraphs as if fully restated here.

14. Delaware owed Landstar a duty to carry out its governmental functions with reasonable care by, among other things, keeping public roads within its jurisdiction in repair, implementing traffic control devices as necessary to warn and guide traffic, and complying with the mandatory standards of the Ohio Manual of Uniform Traffic Control Devices (the "Manual").

15. "Public roads" include traffic control devices that are mandated by the Manual.

16. The Manual mandates that political subdivisions erect a low clearance device on or in advance of structures to warn road users of clearances less than 12 inches above the statutory maximum vehicle height.

17. The statutory maximum vehicle height is Thirteen (13) feet Six (6) inches.

18. Delaware breached its duty by failing to keep the roads within its jurisdiction in repair, failing to implement a low clearance device in the approaches to the Bridge, and failing to otherwise comply with the mandatory standards of the Manual.

19. As a direct and proximate result of Delaware's breach of its duties, Landstar has sustained damages in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty-Nine Cents ($277,384.30), plus accruing interest.

20. Delaware's breach of its duty under these circumstances creates an exception to the general rule of a political subdivision's sovereign immunity pursuant to Ohio Rev. Code § 2744.02(B)(3).

15577547 v3

21. Accordingly, Landstar is entitled to recover from Delaware in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty-Nine Cents ($277,384.30), plus accruing interest.

WHEREFORE, Landstar demands judgment in its favor and against Delaware as follows:

1. On Count I, judgment in an amount to be proven at trial, but at least Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty-Nine Cents ($277,384.30), plus interest, costs, and attorneys' fees.

2. All other relief in law and equity to which Landstar is entitled.

Respectfully submitted,

*s/ Marc S. Blubaugh*
MARC S. BLUBAUGH (0068221) (Trial Attorney)
NICHOLAS P. LACEY (0100042)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone:  614.223.9300
Facsimile:  614.223.9330
Email:  mblubaugh@beneschlaw.com
          nlacey@beneschlaw.com

*Attorneys for Plaintiff Landstar Ranger, Inc.*

15577547 v3

## JURY DEMAND

Landstar demands a jury trial on all issues so triable, by the maximum number of jurors permitted by law.

> Respectfully submitted,
>
> *s/ Marc S. Blubaugh*
> MARC S. BLUBAUGH (0068221) (Trial Attorney)
> NICHOLAS P. LACEY (0100042)
> **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
> 41 South High Street, Suite 2600
> Columbus, Ohio 43215-6164
> Telephone:  614.223.9300
> Facsimile:  614.223.9330
> Email:  mblubaugh@beneschlaw.com
>     nlacey@beneschlaw.com
>
> *Attorneys for Plaintiff Landstar Ranger, Inc.*

15577547 v3