**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)**

| | |
|---|---|
| LANDSTAR RANGER, INC., | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:22-CV-02008 |
| | ) |
| vs. | ) JUDGE ALGENON L. MARBLEY |
| | ) |
| THE CITY OF DELAWARE, OHIO, | ) MAGISTRATE JUDGE ELIZABETH P. |
| | ) DEAVER |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PLAINTIFF LANDSTAR RANGER, INC.'S MOTION
FOR LEAVE TO FILE, *INSTANTER*, AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a) and Local Rule 7.3(b), Landstar Ranger, Inc. ("Landstar") respectfully moves for leave to file, *instanter*, to file its Amended Complaint, a copy of which is attached hereto as **EXHIBIT 1** and incorporated herein by reference. Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Leave of Court is fully warranted because leave is being requested timely, in good faith, is not futile, and is without prejudice to Defendant the City of Delaware, Ohio ("Defendant").

Pursuant to Local Rule 7.3.(b), Landstar requested Defendant's consent to file its Amended Complaint, but Defendant refused to give its consent. Accordingly, Landstar requests that the Amended Complaint be deemed filed as of the date this motion is granted. The supporting reasons for this motion are more fully set forth in the attached Memorandum in Support.

1

>Respectfully submitted,
>
>*s/ Marc S. Blubaugh*
>MARC S. BLUBAUGH (0068221) (Trial Attorney)
>NICHOLAS P. LACEY (0100042)
>**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
>41 South High Street, Suite 2600
>Columbus, Ohio 43215-6164
>Telephone: 614.223.9300
>Facsimile: 614.223.9330
>Email: mblubaugh@beneschlaw.com
>         nlacey@beneschlaw.com
>
>*Attorneys for Plaintiff Landstar Ranger, Inc.*

## MEMORANDUM IN SUPPORT

**I.  INTRODUCTION**

    **A.  Factual Background**

Landstar is a transportation services company specializing in, among other things, transporting its customers' freight as well as arranging for the transportation of its customers freight through its North American network of motor carriers. Defendant is a political subdivision under R.C. § 125.04(d) and is located in Delaware County, Ohio.

On or about March 9, 2021, a Landstar tractor-trailer hauling its customer's industrial cooling unit (the "Cargo") passed through the City of Delaware via State Route 37 West and US Route 36 West, during which the Landstar tractor-trailer was required to pass under a railroad bridge (the "Bridge"). The clearance height of the Bridge was Fourteen (14) feet One (1) inch. The combined heigh of Landstar's trailer and its customer's Cargo was Fourteen (14) feet Six (6) inches. When the Landstar tractor-trailer passed under the Bridge, the Cargo struck the bridge,

rendering the Cargo a total loss.  Defendant negligently failed to warn Landstar's driver of the low clearance height of the Bridge, which it was required to do by law.

After the Cargo was destroyed, Landstar paid its customer Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty Cents ($277,384.30) to settle its customer's cargo claim.  In exchange for Landstar's payment, Landstar's customer assigned to Landstar all of the customer's "right, title, and interest in and to all Claims related in any way to the Shipment…"  (the "Assignment of Claim").  A true and accurate copy of the Assignment of Claim is attached to the Amended Complaint as **EXHIBIT A**.

      **B.**      **Procedural Background**

On April 20, 2022, Landstar filed a Complaint (Doc #1) against Defendant, asserting a claim for negligence under common law and R.C. § 2744.02(B)(3).  Landstar's claim was based on Defendant's negligent failure to warn Landstar's driver of the Bridge's low clearance as required by the Ohio Manual of Uniform Traffic Control Devices.  On May 20, 2022, Defendant filed its Answer (Doc #12), denying Landstar's substantive allegations and asserting affirmative defenses.

Neither party has yet issued discovery in this case.  On July 11, 2022, Defendant filed a Motion for Judgment on the Pleadings (Doc #16), which asserts that the Defendant is entitled to judgment as a matter of law based on the pleadings because Landstar's Complaint does not allege damage to Landstar's own property, and that, accordingly, Landstar's negligence claim is barred by the economic loss doctrine.

Landstar submits that the Amendment of its Complaint to plead specific facts regarding the Assignment of Claim cures any perceived pleading defect that the Defendant alleges exists.

Because Landstar received the Assignment of Claim, it stands in the shoes of its customer and can prosecute a negligence action for damage to property.

## II.     LAW AND ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend pleadings "shall be freely given when justice so requires." *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting Fed. R. Civ. P. 15(a)).  The Sixth Circuit has held that "though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments…" *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).  "In general, the Sixth Circuit is 'very liberal' in permitting amendments." *United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited. Inc.*, 179 F.R.D. 541, 550 (S.D.Ohio 1998), affd. 190 F.3d 729 (6th Cir.1999).  The trial court's discretion is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks*, 830 F.2d at 69 (citation omitted).

Indeed, leave to amend a pleading should only be denied in situations where there is undue delay, futility of amendment, repeated failure to cure deficiencies by amendments previously allowed, bad faith, dilatory motive on the part of the movant, or undue prejudice to the opposing party by virtue of allowing the amendment. *Foman v. Davis*, 371 U.S.178, 182 (1962); *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008); *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).  As discussed more in-depth below, none of those situations are present here.

### A.  No Undue Delay or Dilatory Motive

This motion is not made with dilatory motive or after undue delay, and in fact, Landstar wishes to move this lawsuit along expeditiously.  As stated above, Landstar's Complaint asserts a negligence claim against the Defendant arising out of the destruction of Landstar's customer's

4

cargo. Defendant's motion argues that the economic loss doctrine forecloses such a claim, because Landstar's loss, it argues, is purely economic. Landstar seeks leave to amend its Complaint to plead that it received the Assignment of Claim, which Landstar submits cures any perceived deficiency in Landstar's Complaint. *See Cadence Bank, N.A. v. Hurl*, Case No. 2:20-cv-6403, 2022 WL 769506, at *7 (S.D. Ohio Mar. 14, 2022) *citing Chrysler Fin. Co. v. Wilkins*, 812 N.E.2d 948, 952 (Ohio 2004) ("[A]n assignee ... of a claim stands in the shoes of the assignor ... and succeeds to all the *rights and remedies* of the latter."); *Nationwide Mut. Ins. Co. v. Zimmerman,* Stark App. No. 2004 CA 00007, 2004-Ohio-7115, 2004 WL 3038032, ¶ 16 ("where the insured's claim against a tortfeasor is based on negligence, the insurer's subrogated claim is also necessarily based on negligence, rather than on the insurance contract").

### B. No Bad Faith, Futility of Amendment, or Repeated Failures to Cure Deficiencies

Landstar makes this motion and asserts additional facts against Defendant in good faith. Further, permitting Landstar's amendment is not futile as Landstar's Amended Complaint cures perceived deficiencies identified by Defendant, and alleges facts that bolster Landstar's claim by, among other things, alleging that Landstar received the Assignment of Claim, which functions as the equivalent of a subrogation receipt.

To the extent the Court would be inclined to grant Defendant's motion based on the allegations in Landstar's original Complaint, Landstar submits that its Amended Complaint could withstand a motion to dismiss or a motion for judgment on the pleadings. *See Hammons v. Barkdull*, 460 F.Supp.3d 687, 691 (E.D. Ky. 2020) (a motion for leave should not be denied if the court concludes that the pleading as amended could withstand a motion to dismiss or a motion for judgment on the pleadings).

### C. No prejudice to Defendant

This motion is made without prejudice to Defendant. "To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (internal quotations omitted). As previously stated, this Motion is not brought after undue delay, the parties still have several months to conduct and complete discovery. and Defendant has ample time to prepare its defenses. Thus, Defendant will suffer absolutely no prejudice. Accordingly, Landstar respectfully requests that the Court grant this motion.

### III.  CONCLUSION

As detailed above, Landstar has not caused any delay in this case, nor does it bring this motion in bad faith. Landstar maintains in good faith that the Amended Complaint cures any deficiency, real or perceived, in its original Complaint, by specifically alleging that it received the Assignment of Claim, and that Landstar, is, therefore, properly prosecuting this case for damage to property. Based on the Sixth Circuit's liberal interpretation of Fed. Civ. R. P. 15(a), justice requires that Landstar be granted leave to allege facts regarding the Assignment of Claim. Leave is warranted because leave is being requested timely, is not futile, is in good faith, and is without prejudice to Defendant.

Respectfully submitted,

*s/ Marc S. Blubaugh*
MARC S. BLUBAUGH (0068221) (Trial Attorney)
NICHOLAS P. LACEY (0100042)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone:  614.223.9300
Facsimile:  614.223.9330
Email:  mblubaugh@beneschlaw.com
          nlacey@beneschlaw.com

*Attorneys for Plaintiff Landstar Ranger, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 2nd day of August, 2022, a copy of the foregoing document was electronically filed with the Court's electronic filing system, which will provide notice of the same to all parties indicated on the electronic filing receipt.

                                          *s/ Marc S. Blubaugh*
                                          Marc S. Blubaugh (0068221)
                                          *Attorney for Plaintiff Landstar Ranger, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LANDSTAR RANGER, INC., <br> 13410 Sutton Park Drive, South <br> Jacksonville, FL 32245, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF DELAWARE, OHIO, <br> South Sandusky Street <br> Delaware, OH 43015, <br><br> Defendant. | ) CASE NO. 2:22-CV-02008 <br> ) <br> ) **FIRST AMENDED COMPLAINT** <br> ) <br> ) **(JURY DEMAND ENDORSED HEREON)** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Landstar Ranger, Inc. ("Landstar"), for its Complaint against the City of Delaware ("Delaware"), states as follows:

## PARTIES, JURISDICTION, & VENUE

1. Landstar is a Delaware corporation with a principal place of business in Jacksonville, Florida, and is, therefore, a citizen of the State of Delaware and the State of Florida. Landstar is a transportation services company specializing in, among other things, transporting its customers' freight and arranging for the transportation of its customers' freight through its North American network of motor carriers.

2. Delaware is a political subdivision, as that term is defined in R.C. § 125.04(d), in Delaware County, Ohio and is, therefore, a citizen of the State of Ohio.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action where the amount in controversy exceeds the sum of Seventy-Five

15969244 v2

**EXHIBIT 1**

Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4. This Court has jurisdiction over Delaware because Delaware is a resident of this state.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because this is a judicial district in which Delaware resides and in which a substantial part of the events or omissions giving rise to claim set forth below occurred.

## FACTS COMMON TO ALL COUNTS

6. On or around March 9, 2021, a tractor-trailer operated by a Landstar driver (the "Driver") departed from Norton, Ohio en route to Phoenix, Arizona, transporting an industrial cooling unit (the "Cargo") on behalf of its customer.

7. The Driver's route passed through the City of Delaware via State Route 37 West and US Route 36 West, during which the Driver was required to pass under a railroad bridge (the "Bridge").

8. The clearance height of the Bridge was Fourteen (14) feet One (1) inch.

9. The combined height of the Driver's trailer and Cargo was Fourteen (14) feet (6) inches.

10. Delaware negligently failed to adequately warn the Driver of the Bridge's low clearance by erecting a low clearance traffic control device as required by law.

11. The Driver and the Cargo struck the Bridge, which caused significant physical damage to the Cargo, ultimately rendering it a total loss.

12. After the Cargo was rendered a total loss, Landstar's customer filed a cargo claim with Landstar, indicating that the damage to the Cargo injured the customer in the amount of

Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty Cents ($277,384.30).

13. Landstar paid its customer the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty Cents ($277,384.30) to satisfy the customer's cargo claim.

14. In exchange for Landstar's payment to its customer, the Customer expressly granted, conveyed, and assigned to Landstar in writing all of the customer's "right, title, and interest in and to all Claims related in any way to the Shipment…" that the customer had against any entity. (the "Assignment of Claim"). A true and accurate copy of the Assignment of Claim is attached hereto as **EXHIBIT A**.

15. As a direct and proximate result of Delaware's negligence, Landstar, as the assignee of its customer's claim pursuant to the Assignment of Claim, has been damaged in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty Cents ($277,384.30).

COUNT I
(**Negligence -- Common law and R.C. § 2744.02(B)(3)**)

16. Landstar incorporates by reference each of the foregoing paragraphs as if fully restated here.

17. Delaware owed Landstar and Landstar's customer a duty to carry out its governmental functions with reasonable care by, among other things, keeping public roads within its jurisdiction in repair, implementing traffic control devices as necessary to warn and guide traffic, and complying with the mandatory standards of the Ohio Manual of Uniform Traffic Control Devices (the "Manual").

18. "Public roads" include traffic control devices that are mandated by the Manual.

3

19. The Manual mandates that political subdivisions erect a low clearance device on or in advance of structures to warn road users of clearances less than 12 inches above the statutory maximum vehicle height.

20. The statutory maximum vehicle height is Thirteen (13) feet Six (6) inches.

21. Delaware breached its duty by failing to keep the roads within its jurisdiction in repair, failing to implement a low clearance device in the approaches to the Bridge, and failing to otherwise comply with the mandatory standards of the Manual.

22. As a direct and proximate result of Delaware's breach of its duties, Landstar, as an assignee of its customer's claim pursuant to the Assignment of Claim, has sustained damages in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty Cents ($277,384.30), plus accruing interest.

23. Accordingly, Landstar, as assignee of its customer's claim pursuant to the Assignment of Claim, is entitled to recover from Delaware in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty-Nine Cents ($277,384.30), plus accruing interest.

WHEREFORE, Landstar demands judgment in its favor and against Delaware as follows:

1. On Count I, judgment in an amount to be proven at trial, but at least Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty Cents ($277,384.30), plus interest, costs, and attorneys' fees.

2. All other relief in law and equity to which Landstar is entitled.

15969244 v2

Respectfully submitted,

*s/ Marc S. Blubaugh*
Marc S. Blubaugh (0068221) (Trial Attorney)
Nicholas P. Lacey (0100042)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, Ohio 43215-6164
Telephone:  614.223.9300
Facsimile:  614.223.9330
Email:  mblubaugh@beneschlaw.com
 nlacey@beneschlaw.com

*Attorneys for Plaintiff Landstar Ranger, Inc.*

## JURY DEMAND

Landstar demands a jury trial on all issues so triable, by the maximum number of jurors permitted by law.

                          Respectfully submitted,

                          *s/ Marc S. Blubaugh*
                          Marc S. Blubaugh (0068221)
                          Nicholas P. Lacey (0100042)
                          **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
                          41 South High Street, Suite 2600
                          Columbus, Ohio 43215-6164
                          Telephone:  614.223.9300
                          Facsimile:  614.223.9330
                          Email:  mblubaugh@beneschlaw.com
                                        nlacey@beneschlaw.com

                          *Attorneys for Plaintiff Landstar Ranger, Inc.*

15969244 v2

## CARGO LIABILITY RELEASE, INDEMNITY AND ASSIGNMENT AGREEMENT

| | | |
|---|---|---|
| DATE: | October 11, 2021 | (the "**Effective Date**") |
| FREIGHT BILL NUMBER: | MCS1949916 | (the "**Shipment**") |
| CLAIM NUMBER: | C27400 / 1000696-004 | (the "**Claim Number**") |
| DESCRIPTION OF CARGO: | 1 Kyoto Cooling Unit # 506 | (the "**Cargo**") |
| NAME OF CLAIMANT: | Barnhart Crane & Rigging | (the "**Releasor**") |
| AMOUNT OF CLAIM PAID: | $277,384.39 | (the "**Settlement Sum**") |

For and in consideration of the Settlement Sum, the adequacy and sufficiency of which is hereby acknowledged, Releasor does hereby release, acquit, and forever discharge **LANDSTAR RANGER, INC.** their parents, affiliates, successors, and assigns, and their respective officers, agents, representatives, attorneys, employees, insurers and subcontractors (hereinafter "**Releasee**"), of and from any and all known and unknown claims, demands, damages, losses, expenses, actions, right, or causes of actions of any kind and nature, under any contract, bill of lading, 49 U.S.C. § 14706, other statute or regulation, or related in any way to the transportation of the Cargo by Releasee under bill of lading or manifest No. identified by reference to the Shipment(s) referred to above (collectively, the "Claim" or "Claims"), including but not limited to all Claims for loss, damage, or delay set forth, or that could have been set forth, in connection with the Claim Number, in addition to all Claims Releasor has or may have against Releasee in the future related in any way to the Shipment(s).

Releasor agrees and acknowledges that payment of the Settlement Sum by Releasee to Releasor pursuant to this Agreement constitutes a full, complete, final and binding compromise of all Releasor claims of any kind or nature whatsoever with respect to the Shipment(s), inclusive of the policy deductible. Payment of the above consideration shall be delivered to the undersigned within thirty (30) days following proper execution and return of this release to Releasee.

Releasor represents and warrants that it is the proper party to make the cargo liability claim against the Releasee for the Shipment(s). In further consideration for the payment of the Settlement Sum, Releasor agrees to defend, indemnify, save and hold Releasee harmless from and against any and all Claims by any person, firm or corporation, other than Releasees herein, who assert a Claim against a Releasee related in any way to the Shipment(s). Releasor represents and warrants that as of the date hereof, it has not assigned to any other party or compromised any Claim(s) related to the Shipment(s) nor has Releasor received any amount or benefit of any kind from any third party in collection, settlement or compromise of any such assigned right or action.

Releasor represents and warrants that it has all necessary power and lawful authority to enter into this Cargo Release, Indemnity and Assignment Agreement (the "**Agreement**"), to assign all rights related to the Shipment(s) as set forth below, and that this Agreement does not violate any applicable contractual obligations of Releasor. Releasor further acknowledges that nothing herein shall set a precedent on future claims nor shall it constitute any admission of liability by Releasee of liability, negligence, bad faith, or wrongful act of any kind arising out of or by reason of or related to the Shipment(s).



ISO Document #: CLR& Assignment (LTLI)
FINAL: 032910

In consideration of its receipt of the Settlement Sum, Releasor hereby expressly grants, conveys and assigns to Releasee all of Releasor's right, title and interest in and to all Claims related in any way to the Shipment including all Claims Releasor may have against Releasee, Releasee's insurance carrier and any and all other persons or entities ("Other Responsible Persons") related in any way to the Shipment(s).

Releasor shall indemnify and hold Releasee harmless from and against all Liabilities of any kind incurred by Releasee to the extent that such Liabilities arise out of the untruth, inaccuracy or breach of the representations and warranties of Releasor contained in this Agreement. For purposes hereof, "Liabilities" shall mean all fees, costs, damages, penalties and expenses incurred by Releasee, including reasonable attorneys' fees and expenses in connection with the investigation, prosecution or defense of any claim arising from or related to any such untruth, inaccuracy or breach, and including any attorneys' fees and expenses arising in connection with the enforcement of any obligation contained in this Agreement.

All questions concerning the construction, interpretation, validity and enforceability of this Agreement shall be governed by and construed and enforced in accordance with the domestic laws of the State of Florida, without giving effect to any choice or conflict of law provision or rule that would cause the laws of any jurisdiction other than the State of Florida to apply. Releasor irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

IN WITNESS WHEREOF, I have hereunto set my hand and seal as of the Effective Date.

_Alison Smith_
Individual Person or Authorized Representative of Barnhart Crane & Rigging

Printed Name: Alison Smith

Title: SVP Risk Mgmt. and Admin.

STATE OF Tennessee
COUNTY OF Shelby

The foregoing instrument was acknowledged before me this 15 day of October, 2021 by Alison Smith, who is [x] personally known to me or [ ] produced _____ as identification.

Print Name: Tomeka Lasha Warren
Notary Public, State and County Aforesaid
Commission No.: _____

My Commission Expires: _____

Tomeka Lasha Warren
Notary Public
Shelby County, State of Tennessee
My Commission Expires March 18, 2025

ISO Document #: CLR & Assignment (LTLI)
FINAL: 032910