IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| LANDSTAR RANGER, INC., | ) |
| Plaintiff, | ) CASE NO. 2:22-CV-02008 |
| vs. | ) JUDGE ALGENON L. MARBLEY |
| THE CITY OF DELAWARE, OHIO, | ) MAGISTRATE JUDGE ELIZABETH P. DEAVER |
| Defendant. | ) |

**PLAINTIFF LANDSTAR RANGER, INC.'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Landstar Ranger, Inc. ("Landstar"), through counsel, respectfully submits this Memorandum in Opposition to the Motion for Judgment on the Pleadings (the "Motion") of Defendant The City of Delaware, Ohio ("Defendant"). For the reasons set out in this Memorandum, the Court should deny Defendant's Motion.

**I.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

Landstar filed its Complaint (Doc #1) against Defendant on April 20, 2022, alleging a single count for negligence under common law and Ohio's Political Subdivision Tort Liability Immunity Act, R.C. 2744.03, *et seq*. Landstar's Complaint alleges that a tractor trailer operated by one of its drivers and hauling an industrial cooling unit (the "Cargo") on behalf of its customer struck a railroad bridge located in the City of Delaware, rendering Landstar's cargo a total loss. Complaint ("Compl."), ¶¶ 7-11. The Complaint alleges that the Defendant is liable for that loss because of its failure to comply with the mandatory duties of Ohio's Manual of Uniform Traffic Control Devices, as required by Ohio law. Compl. ¶¶ 14, 18. Landstar's Complaint seeks damages

1

in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Eighty-Four Dollars and Thirty Cents ($277,384.30).  Compl. ¶ 21.

Defendant filed its Answer (Doc #12) on May 20, 2022.  In addition to denying the existence of any duty or the breach of any duty, Defendant's Answer denies that the Landstar's driver struck a bridge within the City of Delaware and denies that there was damage to Landstar's cargo that rendered the cargo a total loss.  Answer ¶ 8.

Despite those disputed factual allegations, Defendant filed its Motion for Judgment on the Pleadings (Doc #16) on July 11, 2022, seeking to obtain judgment in its favor prior to any discovery.  In the Motion, Defendant asserts that the economic loss doctrine bars Landstar's negligence claim because Landstar does not allege damage to its own property, but rather alleges damage to its customer's property.  Motion, p. 4.  Defendant is wholly mistaken.

## II. LAW & ARGUMENT

### A. Legal Standard

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical to the standard courts apply for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). To state a claim upon which relief may be granted, a plaintiff must merely satisfy the pleading requirements set forth in Fed. R. Civ. P. 8(a).

A motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law.  *Source Assocs. v. Valero Energy Corp.*, 273 Fed.Appx. 425, 427 (6th Cir. 2008).   To withstand a motion for judgment on the pleadings, a complaint simply "must contain direct or inferential [non-conclusory] allegations respecting all the material

elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  An action should only be disposed of on the pleadings "if on the face of the complaint there is an insurmountable bar to relief." *Gascho v. Global Fitness Holdings, LLC,* 863 F.Supp.2d 677, 690 (S.D. Ohio 2012).  Insurmountable bars to relief include situations where "there is no law to support the claims made, or if the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Nat. Resource Conservation Serv.,* No. 2:12–CV–0299, 2013 WL 4517825, at *3 (S.D. Ohio Aug.26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1978)).  Simply put, no such bar exists in the case at hand as Landstar has easily satisfied this standard and, moreover, has sought leave to amend its Complaint in order to address any alleged pleading deficiency.[1]

   **B.** **The Court should decline to adopt Defendant's erroneous understanding of the economic loss doctrine.**

Contrary to the Defendant's presentation of the issue in the Motion, Ohio courts do not uniformly interpret the scope of the economic loss doctrine.  While some courts have held that the economic loss doctrine bars *any* tort claim where the plaintiff suffered purely economic loss, other cases suggest the doctrine's applicability is more narrow, and only bars tort claims that arise out of a contractual relationship.  Indeed, "[t]he issue of how far the economic loss rule extends is somewhat unsettled under Ohio law."  *See ITS Fin., LLC v. Advent Fin. Servs., LLC,* 823 F.Supp.2d 772, 783 (S.D. Ohio 2011) (noting confusion, in light of *Corporex,* regarding the extent to which the doctrine applies outside of simple negligence actions).  The general approach, however, is that "the economic-loss rule does not apply—and the plaintiff who suffered only

---

[1] Among other things, Landstar has explained in detail in its Amended Complaint that Landstar's customer assigned to Landstar any and all rights that the customer had against third-parties like Defendant.  In other words, Landstar's action here is akin to a subrogation action brought by an insurer pursuant to rights assigned to it by its insured.

3

economic damages can proceed in tort—if the defendant breached a duty that did not arise solely from a contract." *Campbell v. Krupp*, 195 Ohio App.3d 573, 580, 961 N.E.2d 205 (6th Dist. 2011); *see also Cleveland v. JP Morgan Chase Bank, N.A.,* No. 98656, 2013 WL 1183332, at *7–8 (Ohio Ct. App. Mar. 21, 2013) (holding that the economic loss rule did not apply "where the duty alleged to have been breached is not related to a contractual relationship").

This very Court's own analysis in *Paulus v. Citicorp N. Am., Inc.* of the economic loss rule and the meaning of "economic" damages is particularly instructive. No. 2:12–CV–856, 2013 WL 5487053, at *8–9 (S.D. Ohio Sept. 30, 2013) (finding economic loss doctrine did not bar recovery in nuisance case based on decreased property value and annoyance from loud generators). The *Paulus* Court held that, while a tort claimant cannot recover *indirect* economic damages that do not arise from tangible property damage, a tort claimant may recover *direct* economic damages. *Id.* at *8. The Court further explained that "Ohio law classifies indirect economic damages as 'consequential' damages, or those akin to the value of time lost or lost profits," while direct damages are more akin to the loss attributable to the decreased value of a product. *Id.* (citing *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.,* 73 Ohio St.3d 609, 614, 653 N.E.2d 661, 667 (1995)).

The damages that Landstar alleges in its Complaint are "direct" economic damages resulting from tangible damage to its customer's property. Landstar's damages are the equivalent of the value of the Cargo that was destroyed in the incident, not the "value of time lost or lost profits." Moreover, Landstar does <u>not</u> allege that the duty breached by Defendant arose from a contract at all (let alone solely from a contract). Accordingly, Landstar's damages are recoverable despite the economic loss doctrine, and this Court should deny Defendant's Motion.

4

      **C.**     **The Court should disregard Defendant's three cited cases as they merely illustrate that *indirect* economic damages—rather than Landstar's *direct* damages—are barred by the economic loss doctrine.**

Defendant relies on three cases in support of its contention that that tort claims arising out of injury to property of another are claims for purely economic damages and are, accordingly, barred by the economic loss doctrine. None of these cases, however, govern the allegations in Landstar's Complaint.

*RWP, Inc. v. Fabrizi Trucking & Paving Co.* was decided on a motion for summary judgment rather than a motion to dismiss or motion for judgment on the pleadings. 8th Dist. Cuyahoga No. 87382, 2006-Ohio-5014 (Sept. 28, 2006). The summary judgment stage of the case obviously employs a completely different standard of review and examines specific evidence that is elicited during discovery. Here, Defendant requests dismissal of Landstar's Complaint before the parties have even engaged in any discovery. Moreover, the damages alleged by the plaintiffs in *RWP* were damages arising from disruption to telephone lines and credit card payment systems as a result of cables being cut. *Id.* at ¶ 3. These are the kind of indirect economic damages that this Court held were not recoverable in *Paulus*, as these damages amount to damages for the "value of time lost or lost profits." Landstar's damages, unlike the plaintiffs' damages in *RWP*, are *direct* economic damages attributable to the decreased value of property. Again, this Court clearly held in *Paulus* that such damages are recoverable in tort.

*City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, involved a municipality's claim against a bank alleging that the bank's practice of issuing subprime mortgage loans created a public nuisance. 621 F. Supp. 2d 513, 525 (N.D. Ohio 2009). The court applied the economic loss rule to dismiss the municipality's complaint, holding that the economic loss doctrine is applicable to public nuisance claims. The damages the municipality sought arose out of (1) diminished property

5

tax receipts; and (2) the other costs of maintain and demolishing blighted, post-foreclosure properties. *Id.* at 525. *City of Cleveland* is distinguishable from Landstar's case because, again, it involved "indirect" economic damages. Indeed, the *City of Cleveland Court* noted that "[i]t would be tremendously difficult, if not completely impossible, to determine which of the City's damages are attributable to Defendants' alleged misconduct and not to some absent party." *Id.* at 533. Accordingly, the *City of Cleveland* is of no persuasive value. Landstar's complaint alleges that Defendant's negligence caused the destruction of property valued at precisely $277,384.30.

In *E-Tank Ltd. v. Deist Industries*, the United States District Court for the Northern District of Ohio applied an aspect of the economic loss doctrine relevant in the products liability context that does not apply here – that a "commercial buyer seeking recovery from the seller for economic losses resulting from damage to [a] defective product" may maintain a breach of contract action against the seller, but that "in the absence of injury to person or damage to other property, the commercial buyer may not recover for economic losses premised on tort theories." N.D. Ohio No. 5:11CV2358, 2012 U.S. Dist. LEXIS 44746 (Mar. 31, 2012) !(*citing Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 42 Ohio St.3d 40, 42, 537 N.E.2d 624 (1989)). In *Deist*, the plaintiff had a contract with the defendant for the sale of mobile vacuum tanks. *Id.* at *1. The plaintiff's Complaint sought to recover from defendant the money that plaintiff had paid to clean up spills from the tanks on plaintiff's customer's property. *Id.* Important to the Court's decision in *Deist* was the fact that the defendant's duty to the plaintiff arose "solely from a contract." *Id.* (*citing Campbell v. Krupp*, No. L–10–1224, 2011 WL 2175009, at *3 (Ohio Ct. App. June 3, 2011). Moreover, in *Deist*, the plaintiff sought to recover "incidental damages, consequential damages, including extra labor, fines, clean-up costs, and all other damages proximately related to the Defective Product." *Id.* at *2.

6

Those are precisely the type of "indirect" economic damages that this very Court held are barred by the economic loss doctrine in *Paulus*. Conversely, Landstar's damages are "direct" – the amount Landstar seeks to recover is the precise amount of decrease in value of tangible property. Moreover, Defendant's duty to Landstar did not "arise solely from a contract." Accordingly, the economic loss rule does not bar Landstar's claim.

**D.    If the Court somehow finds that Landstar's claim is foreclosed by the economic loss doctrine, Landstar's proposed Amended Complaint cures that defect.**

Landstar filed its Motion for Leave to Amend to File, *Instanter*, Amended Complaint on August 2, 2022 (Doc #19) (the "Motion for Leave"). Landstar incorporates the Motion for Leave herein as if fully restated. If the Court finds that Defendant's Motion has merit (which Landstar does not concede), Landstar maintains that its proposed Amended Complaint, attached to the Motion for Leave as Exhibit 1, cures any alleged pleading defect in Landstar's original Complaint.

**III.    CONCLUSION**

Landstar's Complaint states a claim upon which relief can be granted because it alleges direct economic damages arising out of physical damage to tangible property, and Defendant's duty to Landstar does not arise out of a contract. Accordingly, this Court should deny Defendant's Motion. Alternatively, Landstar's currently pending Motion for Leave cures any perceived pleading defect in Landstar's original Complaint.

15971243 v2

       Respectfully submitted,

       *s/ Marc S. Blubaugh*
       MARC S. BLUBAUGH (0068221) (Trial Attorney)
       NICHOLAS P. LACEY (0100042)
       **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
       41 South High Street, Suite 2600
       Columbus, Ohio 43215-6164
       Telephone:  614.223.9300
       Facsimile:  614.223.9330
       Email:  mblubaugh@beneschlaw.com
               nlacey@beneschlaw.com

       *Attorneys for Plaintiff Landstar Ranger, Inc.*

15971243 v2

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 8th day of August, 2022, a copy of the foregoing document was electronically filed with the Court's electronic filing system, which will provide notice of the same to all parties indicated on the electronic filing receipt.

      *s/ Marc S. Blubaugh*
Marc S. Blubaugh (0068221)
*Attorney for Plaintiff Landstar Ranger, Inc.*

15971243 v2