IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LANDSTAR RANGER, INC.,**

    **Plaintiff,**

    vs.

**THE CITY OF DELWARE, OHIO,**

    **Defendant.**

Case No. 2:22-cv-02008

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of a Motion for Leave to File, *Instanter*, Amended Complaint filed by Plaintiff Landstar Ranger, Inc. ("Landstar"). (ECF No. 19.) Defendant The City of Delaware, Ohio ("the City") has opposed the motion (ECF No. 21), and Landstar has filed a Reply (ECF No. 23). For the following reasons, the motion is **GRANTED**.

### I.

Landstar filed its original Complaint on April 20, 2022, asserting a claim for negligence under both common law and R.C. § 2744.02(B)(3). (ECF No. 1.) According to the Complaint, Landstar is a transportation services company specializing in *inter alia*, transporting freight for its customers or arranging for the transportation of its customers' freight. (*Id*. at ¶ 1.) On or about March 9, 2021, a tractor-trailer operated by a Landstar driver transporting freight on behalf of a customer passed through the City. (*Id.* at ¶¶ 6, 7.) The route required the driver to pass under a railroad bridge. (*Id*. at ¶ 7.) The bridge's clearance height was fourteen feet one inch but the combined height of the trailer and cargo was fourteen feet six inches. (*Id.* at ¶¶ 8, 9.)

According to Landstar, the City failed to adequately warn the driver of the low clearance by erecting the legally required traffic control device. (*Id*. at ¶ 10.) As a result, the driver struck the bridge, damaging the cargo and rendering it a total loss. (*Id*. at ¶ 11.) The City filed its Answer on May 20, 2022, denying Landstar's allegations and asserting affirmative defenses, including the economic loss doctrine.[1] (ECF No. 12 at ¶ 12).

On June 14, 2022, the Court issued its Preliminary Pretrial Order pursuant to Rule 16(b) establishing an amendment deadline of June 30, 2022. (ECF No. 15.) Less than one month later on July 11, 2022, the City, citing the economic loss doctrine, moved for judgment on the pleadings. (ECF No. 16). In response, on August 2, 2022, Landstar filed its current motion. (ECF No. 19.) Through its motion, Landstar seeks to amend the Complaint, in part, to set forth the following additional factual allegations confirming its status as the assignee of its customer's claim:

> 14. In exchange for Landstar's payment to its customer, the Customer expressly granted, conveyed, and assigned to Landstar in writing all of the customer's "right, title, and interest in and to all Claims related in any way to the Shipment…" that the customer had against any entity. (the "Assignment of Claim"). A true and accurate copy of the Assignment of Claim is attached hereto as **EXHIBIT A**.

(ECF No. 19 Exhibit 1, Amended Complaint at ¶ 14.) Landstar also has proposed revisions to its negligence claim consistent with these allegations. (*Id*. at ¶¶ 22-23.)

---

[1] Under Ohio law, "[t]he doctrine bars tort plaintiffs from recovering purely economic loss that 'do[es] not arise from tangible physical injury' to persons or property." *City of Cincinnati v. Deutsche Bank Nat'l Tr. Co.,* 863 F.3d 474, 477–78 (6th Cir. 2017) (quoting *Queen City Terminals v. Gen. Am. Trans.*, 73 Ohio St.3d 609, 615 (1995)).

## II.

When a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential

3

prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at 376. Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

4

**III.**

There is no dispute here that Landstar has moved to amend after the Court-established deadline. As explained above, the key inquiry then is whether it has acted **diligently in its efforts to seek leave to amend.** The City vigorously contends that Landstar has not and notes that, initially in seeking leave to amend, Landstar failed to acknowledge its obligations under Rule 16(b)(4). In the City's view, Landstar has not been diligent because it has been aware of the assignment of claims since October 11, 2021, and that the knowledge of this assignment was "uniquely and exclusively in [Landstar's] possession." (ECF No. 21 at 10 citing ECF No. 19 at 15.) That means, according to the City, that Landstar was aware of the assignment on the dates the Complaint and Answer were filed; when the Rule 26(f) Report was negotiated; when the parties agreed to the June 30 amendment deadline and the Court issued its Preliminary Pretrial Order; when Landstar filed its initial disclosures; when the City filed its Motion for Judgment on the Pleadings; and "on every one of the 22 days between July 11, 2022 and the August 2, 2022 date on which Plaintiff filed [its motion] and disclosed for the first time the existence of the assignment." (ECF No. 21 at 10.) As the City portrays it, Landstar's argument concedes that the City's dispositive motion was the only thing that compelled Landstar to disclose the otherwise "hidden" assignment. (*Id.*) In short, the City argues that there is no reason why Landstar could not have sought to amend its Complaint sooner.

For its part, Landstar does not deny that its initial motion fails to acknowledge the applicability of Rule 16(b)(4). Nevertheless, Landstar characterizes the City's challenge as "elevat[ing] form over substance" in asking the Court to decide the motion on a "technical procedural issue rather than on the merits." (ECF No. 23 at 1.) As Landstar explains, its proposed Amended Complaint is intended only to cure the pleading deficiencies identified in the

5

City's dispositive motion and not to add new parties or claims. (*Id.* at 1-2.) Further, Landstar notes that its motion was filed only one month after the deadline and discloses that the hospitalization of its lead counsel created a slight delay. (*Id*. at 2, 4.) The Court concludes that Landstar has established good cause for its amendment by demonstrating its diligence and showing that the City will suffer minimal prejudice.

First, the Court is not persuaded by the City's argument that Landstar's lack of diligence is evident because the information was available when the original Complaint was drafted and at various dates thereafter. Landstar's possession of the relevant information prior to the amendment deadline is only one factor "tending to show a lack of diligence." *NOCO Co. v. Lapidus*, No. 21-CV-900, 2022 WL 1803039, at *2 (N.D. Ohio June 2, 2022) (citing *Stewart v. King*, 3:09-0021, 2010 WL 883737, at * 5 (M.D. Tenn. Mar. 5, 2010)). Under the circumstances here, however, Landstar's short delay in seeking to amend together with counsel's hospitalization offset the fact that Landstar had information available to it. *Id*.

Second, and importantly, the inclusion of new allegations to cure pleading deficiencies is "entirely proper." *Id*. As Landstar suggests, it is not out of the ordinary for a plaintiff to seek leave to amend a complaint in response to a motion that tests the sufficiency of the pleadings. *Id*. (citing *Stewart v. King*, 3:09-0021, 2010 WL 883737, at * 5 (M.D. Tenn. Mar. 5, 2010)). Indeed, as Landstar points out, courts prefer to decide cases on their merits. *See Slay v. IB Travelin, Inc.*, No. 218CV02728SHMTMP, 2021 WL 2144333, at *5 (W.D. Tenn. May 26, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962) (the spirit of the Federal Rules of Civil Procedure expresses a preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities or pleading errors)); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (discussing the "general preference" for

decisions on the merits when describing the standard of review for decisions not to set aside default judgments).

Turning to the issue of prejudice, the City does not address, at least in terms of Rule 16, what prejudice it will suffer if this slightly untimely amendment is permitted.  Nor is any prejudice to the City evident to the Court.  As discussed, the motion was filed fairly early in the litigation and does not add any new causes of action or parties.  *See NOCO Co.*, 2022 WL 1803039, at *3 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002) and finding no prejudice under similar circumstances).  Further, discovery currently is not scheduled to be completed until January 30, 2023 and dispositive motions are not due to be filed until March 31, 2023.  Thus, there is sufficient time to adjust any "litigation positions or strategies." *Id.*

To be sure, the City argues prejudice, but it does so within the context of Rule 15.  Indeed, it cites a host of harm it will suffer, including the elimination of the economic loss doctrine as a dispositive affirmative defense and the additional time and expense inherent in additional research, discovery and potential motions practice.  The Court, however, is not convinced that the City will suffer any prejudice as relevant to either Rule's standard.  As noted, Landstar's attempt to cure the potential deficiencies identified by the City's motion for judgment on the pleading is typical litigation practice.  Of course, "all amended pleadings result in at least some prejudice to the non-moving party who will have to defend the claims on the merits." *NOCO Co.*, 2022 WL 1803039, at *3.  However, the City has failed to identify any out of the ordinary harm that would justify denying Landstar's motion.  *See id.* (finding no "unique harm" in similar circumstances).

Given that Landstar has met the more stringent requirement of establishing good cause under Rule 16(b), the issue becomes whether its motion is proper under Rule 15(a).  The Court

7

concludes that it is. For example, there is no evidence of bad faith despite the City's claim that Landstar has been purposely "hiding" the existence of the assignment of claim. The City's characterization here is not persuasive. First, there is no conceivable benefit to Landstar from any alleged concealment of the assignment. Further, as Landstar explains, in its initial disclosures, it disclosed the existence of various settlement documents, including a signed release. (ECF No. 23 at n.1; *see also* ECF No. 21-1 at § II.3.) The assignment is contained in the release. (*Id*.) Beyond this, as discussed, there are no prior failures to cure deficiencies, the delay is minimal so as not to be undue, and the prejudice to the City also is minimal. Moreover, the City has not raised a futility argument. Accordingly, and in light of the liberal amendment standard of Rule 15(a), Landstar's motion is **GRANTED**.

**IV.**

For these reasons, Plaintiff's Motion for Leave to File, *Instanter,* Amended Complaint (ECF No. 19) is **GRANTED**. The Clerk is **DIRECTED** to detach and file the Amended Complaint attached to the Motion.

    **IT IS SO ORDERED.**


DATED:  October 13, 2022           */s/ Elizabeth A. Preston Deavers*
                                              **ELIZABETH A. PRESTON DEAVERS**
                                              **UNITED STATES MAGISTRATE JUDGE**